1  Jean G. Vidal-Font SBN No. 266475
   FERRAIUOLI LLC
2  221 Plaza 5th Floor
   221 Ponce de León Ave.
3  San Juan, Puerto Rico 00917
   (787) 766-7000
4  jvidal@ferraiuoli.com

5  Eugenio Torres-Oyola (Pro Hac Vice To Be Filed)
   FERRAIUOLI LLC
6  221 Plaza 5th Floor
   221 Ponce de León Ave.
7  San Juan, Puerto Rico 00917
   (787) 766-7000
8  etorres@ferraiuoli.com

9  Steven T. Lowe, Esq. SBN 122208
   Kris LeFan, Esq., SBN 278611
10 LOWE & ASSOCIATES, P.C.
   11400 Olympic Blvd., Suite 640
11 Los Angeles, CA 90064
   Telephone: (310) 477-5811
12 Facsimile: (310) 477-7672
   kris@lowelaw.com

13

14 Attorneys for plaintiff: Coho Licensing LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COHO LICENSING LLC,** | **CASE NO.: 14-2128** |
| Plaintiff, | |
| v. | **COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 8,667,065** |
| **GLAM MEDIA, INC. AND NING, INC.** | **PLAINTIFF REQUESTS TRIAL BY JURY** |
| Defendant. | |

CASE NO. 14-2128         1         COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Coho Licensing LLC (hereinafter "Coho" or "Plaintiff"), files its Complaint against Defendants Glam Media, Inc. (hereafter "Glam Media" and Ning, Inc. (hereafter "Ning") (hereinafter collectively "Defendants") alleging as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, to prevent and enjoin Defendants from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Coho, from U.S. Patent No. 8,667,065 (the "'065 patent")(attached hereto as Exhibit A) pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

## THE PARTIES

2. Plaintiff Coho is a Delaware limited liability company with its principal place of business at 222 Delaware Avenue, PO Box 25130, Wilmington, DE 19899.

3. Defendant Glam Media is a Delaware corporation with its principal place of business at 8000 Marina Blvd, Suite 130, Brisbane, California 94005.

4. Defendant Ning is Delaware corporation with its principal place of business at 735 Emerson St., Palo Alto, California 94301.

5. Ning is a wholly-owned subsidiary of Glam Media.

## JURISDICTION AND VENUE

6. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§1 et seq.

7. This Court has personal jurisdiction over Defendants by virtue of its systematic and continuous contacts with this jurisdiction, specifically due to the fact that it maintains a

corporate office within said jurisdiction, as well as the injury to Coho and the cause of action Coho has raised as alleged herein.

8. Defendants have conducted and do conduct business within the state of California, specifically, in the Northern District of California, directly or through intermediaries, resellers, agents, or offer for sale, sell and/or advertise their services in California that infringe the '065 patent.

9. In addition to Defendants' continuously and systematically conducting business in California, the causes of action against Defendants are connected (but not limited) to Defendants' purposeful acts committed in the state of California, specifically, in the Northern District of California, including Defendants' making, using, importing, offering for sale and/or selling services which include features that fall within the scope of at least one claim of the '065 patent.

10. For the foregoing reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§1391(b)(1) and (c)(2) and 28 U.S.C. §§1400(b).

11. An immediate, real, and justiciable controversy exists between Coho and Defendants as to whether Defendants are infringing or have infringed the '065 patent.

**JOINDER**

12. Defendants are properly joined under 35 U.S.C. §299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling the same services.

13. Defendants are properly joined under 35 U.S.C. §299(a)(2). Questions of fact will arise that are common to both defendants, including for example, whether Defendants'

1    products have features that meet the features of one or more claims of the '065 patent, and what

2    reasonable royalty will be adequate to compensate the owner of the '065 patent for their

3    infringement.

4    14.    At least one right to relief is asserted against these parties jointly, severally, or in

5    the alternative with respect to or arising out of the same transaction, occurrence, or series of

6    transactions or occurrences relating to the using, importing into the United States, offering for

7    sale, or selling the same process.

## FACTUAL ALLEGATIONS

*The '065 patent*

10    15.    On March 4, 4014 the United States Patent and Trademark Office ("USPTO")

11    duly and legally issued the '065 patent, entitled "Distributed Processing Multiple Tier Task

12    Allocation" after a full and fair examination.

13    16.    Coho is presently the owner by assignment of the '065 patent, having received all

14    right, title, and interest in and to the '065 patent from the previous assignee of record. Coho

15    possesses all rights of recovery under the '065 patent, including the exclusive right to recover for

16    past infringement.

17    17.    The '065 patent contains one independent claim and nine dependent claims.

18    18.    The invention described in the '065 patent includes a system for distributed

19    processing.

20    19.    The system for distributed processing described in the '065 patent comprises, in

21    combination: an allocating computing device including a first memory and a first processor; a

22    sub-allocating computing device including a second memory and a second processor; an

23    allocated computing device including a third memory and a third processor; a results computing

device including a fourth memory and a fourth processor; a first set of instructions stored in the first memory of the allocating computing device, the first set of instructions, when executed by the first processor, dividing a task into a plurality of task portions, at least one first task portion comprising further divisible portions, (or, "subtask portions"); a second set of instructions stored in the first memory of the allocating computing device, the second set of instructions, when executed by the first processor, allocating said first task portion to the sub-allocating computing device via network connectivity; a third set of instructions stored in the second memory of the sub-allocating computing device that, when executed by the second processor, are adapted to await receipt of the first task portion, divide the first task portion into a plurality of subtask portions, and allocates at least one said subtask portion to the allocated computing device via network connectivity; a fourth set of instructions stored in the third memory of the allocated computing device, the fourth set of instructions, when executed by the third processor, are adapted to receive the subtask portion, process the subtask portion, produce at least one result related to the subtask portion, and transfer the result to the results computing device; and a fifth set of instructions stored in the fourth memory of the results computing device, the fifth set of instructions, when executed by the fourth processor, awaiting receipt of the results transferred from the allocated computing device as well as other results related to the first task, and collating all of the received results.

*Defendants' Infringement of the '065 patent*

20. Defendants use a software that allows for the distributed processing of large data sets across clusters of computers that form a distributed application software framework. Thus, Defendants use a system for distributed processing in accordance with at least one claim of the '065 patent.

21. Defendants' system divides tasks into a plurality of task portions. Defendants use a dataset analysis platform for analyzing large data sets that consists of a high-level language for expressing data analysis programs, coupled with a distributed processing system infrastructure for evaluating these programs. The dataset analysis platform compiles the high-level language into Map Reduce jobs and executes them in a distributed cluster.

22. An allocating computer for Defendants allocates at least one task portion to a sub-allocating computer, which receives the task portion. There are 3 machine roles in a distributed application software framework used by Defendants: Client Machines, Job Trackers, and Task Trackers. The Job Tracker coordinates parallel processing of data using Map Reduce. The Client Machine submits Map Reduce jobs to the Job Tracker.

23. A Defendants' sub-allocating computer allocates subtask portions to allocated computers, which receives the subtask portions. In Defendants' distributed processing system, the Job Tracker receives a Map Reduce job consisting of individual map and reduce tasks. For example, the Job Tracker will assign map tasks to be run on various Task Trackers.

24. In a Defendants' distributed application software framework, the subtask portion comprises a portion of the task portion. A Map Reduce Job consists of individual map and reduce tasks. A distributed processing system task executes the individual map and reduce tasks. A distributed processing system job consists of all the files and classes needed to run a Map Reduce job, including the individual map and reduce tasks.

25. A Defendants' subtask processing computer processes the subtask portion, creating a result. In Defendants' distributed processing system, the Task Tracker receives and executes the individual map tasks. When a map task is finished, the results of the computation are stored in local storage as intermediate data.

26. The Defendants' subtask processing computer transfers the results to a results computer, which receives and stores results from a plurality of computers. In Defendants' distributed processing system, the Task Trackers transfer their intermediate data to a node running a reduce task for final computation. The output is a file that is written to a distributed file system.

**COUNT I: DIRECT INFRINGEMENT OF THE '065 PATENT**

27. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-26.

28. Taken together, either partially or entirely, the features included in Defendants' distributed processing system meet each and every element of the system recited in one or more of the claims of the '065 patent.

29. Defendants directly infringe one or more of the claims of the '065 patent by making, using, selling, offering to sell and/or importing the system for distributed processing described in the '065 patent in violation of 35 USC § 271(a).

**DEMAND FOR JURY TRIAL**

30. Coho demands a trial by jury of any and all causes of action.

**PRAYER FOR RELIEF**

Coho respectfully prays for the following relief:

1. That Defendants be adjudged to have infringed the '065 patent, literally and/or under the doctrine of equivalents;

2. That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with

1  any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the '065 patent;

3.  An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Coho for Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4.  An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interests and costs, in accordance with 35 U.S.C. §284;

5.  That Defendants be directed to pay enhanced damages, including Coho's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6.  That Coho have such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| 1 | |
| 2 | DATED: May 8, 2014            **FERRAIUOLI, LLC** |
| 3 | By: **/s/ Jean G. Vidal-Font** |
|   | Jean G. Vidal-Font SBN No. 266475 |
| 4 | FERRAIUOLI LLC |
|   | 221 Plaza 5th Floor |
| 5 | 221 Ponce de León Ave. |
|   | San Juan, Puerto Rico 00917 |
| 6 | (787) 766-7000 |
|   | jvidal@ferraiuoli.com |
| 7 | |
|   | Eugenio Torres-Oyola (Pro Hac Vice To Be Filed) |
| 8 | FERRAIUOLI LLC |
|   | 221 Plaza 5th Floor |
| 9 | 221 Ponce de León Ave. |
|   | San Juan, Puerto Rico 00917 |
| 10 | (787) 766-7000 |
|    | etorres@ferraiuoli.com |
| 11 | |
| 12 | Steven T. Lowe, Esq. SBN 122208 |
|    | Kris LeFan, Esq., SBN 278611 |
| 13 | LOWE & ASSOCIATES, P.C. |
|    | 11400 Olympic Blvd., Suite 640 |
| 14 | Los Angeles, CA 90064 |
|    | Telephone: (310) 477-5811 |
| 15 | Facsimile: (310) 477-7672 |
|    | kris@lowelaw.com |
| 16 | |
| 17 | Attorneys for plaintiff: Coho Licensing LLC |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 3-6 of this Court, Plaintiffs hereby demand a trial jury as to all issues so triable.

DATED: May 8, 2014                                                          **FERRAIUOLI, LLC**

By: **/s/ Jean G. Vidal-Font**
Jean G. Vidal-Font SBN No. 266475
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000
jvidal@ferraiuoli.com

Eugenio Torres-Oyola (Pro Hac Vice To Be Filed)
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000
etorres@ferraiuoli.com

Steven T. Lowe, Esq. SBN 122208
Kris LeFan, Esq., SBN 278611
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672
kris@lowelaw.com

Attorneys for plaintiff: Coho Licensing LLC